IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROSARIO MEZA-LOPEZ,**

        Plaintiff,

      v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR AMERICAN HOME MORTGAGE
ASSETS TRUST 2007-3, MORTGAGE-BACKED
PASS-THROUGH CERTIFICATES SERVICES
2007-2 ASSIGNEE, et al.,**

        Defendants,

No. 3:11-cv-00891-HU

OPINION AND ORDER

**MOSMAN, J.**,

On February 13, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [24] in the above-captioned case, recommending that I grant the motion to dismiss [9] and the request for judicial notice [11] filed by defendant Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-3, Mortgage-Backed Pass-Through Certificate Services 2007-2 Assignee ("Deutsche Bank"). Plaintiff objected [28], and Deutsche Bank filed a response to plaintiff's objections [29].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

1 – OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff raises four objections to Judge Hubel's analysis of the motion to dismiss. First, she argues Mortgage Electronic Registration Systems, Inc. may not be the "beneficiary" of a trust deed, and therefore count one of her breach of contract claim may go forward. I reject this argument for the reasons I explained in *Beyer v. Bank of Am.*, 800 F. Supp. 2d 1157 (D. Or. 2011).

Second, plaintiff argues count two of her breach of contract claim should not be dismissed because she has "not abandoned" her claim that defendants breached a duty of good faith. (Obj. [28] 7). She also argues this count should not be dismissed because she raised a claim for equitable estoppel. (*Id.*). She adds that she "can modify the complaint to more clearly reflect these causes of action." (*Id.*). I agree with Judge Hubel's analysis of this count. Plaintiff did abandon any breach of duty of good faith theory by not presenting any argument on that theory to Judge Hubel and instead characterizing this count as an equitable estoppel claim. (F&R [24] 13). And Judge Hubel recommended plaintiff receive leave to amend, which gives her a chance to clarify the equitable estoppel claim.

2 – OPINION AND ORDER

Third, plaintiff restates her allegations that relate to her declaratory relief claim, but does not even attempt to identify any error in Judge Hubel's analysis of those allegations. (Obj. [28] 7–9). I therefore reject this objection. Fourth, plaintiff argues Judge Hubel incorrectly refused to acknowledge an Oregon tort claim for wrongful foreclosure. Plaintiff argues this tort was recognized in *Harper v. Interstate Battery*, 120 P.2d 757 (1941). (Obj. [28] 9). I agree with Judge Hubel's analysis of this point and with Judge Hernandez's analysis of *Harper* in *Rapacki v. Chase Home Finance, LLC*, 797 F. Supp. 2d 1085, 1088–90 (D. Or. 2011). Accordingly, this objection fails.

## CONCLUSION

Upon review, I agree with Judge Hubel's recommendation and I ADOPT the F&R [24] as my own opinion. The motion to dismiss [9] and the request for judicial notice [11] are GRANTED. I GRANT plaintiff leave to amend the complaint within 30 days of this opinion to cure the deficiencies identified in the F&R. If no amended complaint is filed, a judgment of dismissal will enter.

IT IS SO ORDERED.

DATED this   30th   day of March, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court